IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FRANK A. HUMPHREY, and
DEAN HEALTH PLAN, INC.,

                        Plaintiffs,                    OPINION AND ORDER

    v.

                                                            13-cv-235-wmc

LOVE'S TRAVEL STOPS & COUNTRY
STORES, INC., and HARDEE'S FOOD
SYSTEMS, INC.,

                        Defendant.

---

       This is a civil action sounding in the common law of negligence and filed pursuant to 42 U.S.C. § 1332, the federal diversity jurisdiction statute. Unfortunately for plaintiffs, the complaint fails to allege facts sufficient to establish diversity jurisdiction.

       Diversity jurisdiction is present when a complaint alleges complete diversity of citizenship among the parties *and* an amount in controversy exceeding $75,000. 42 U.S.C. § 1332. As for complete diversity between the parties, the complaint says that plaintiff Frank Humphrey is a "resident" of Wisconsin, but "[a]n allegation of residence is not sufficient to establish citizenship, which requires domicile." *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012). Domicile means "the place one intends to remain." *Kakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). As a result, a person has only one domicile, but may have several residences. The complaint also fails to allege adequately the citizenship of plaintiff Dean Health Plan, Inc. which (as a subrogee to Humphrey's claim) has a substantial stake in the outcome of this case and is, therefore, a real party in interest. See *Navarro Savings Association v. Lee*, 446 U.S. 458,

461 (1980) (in determining whether diversity exists, courts look at parties "who are real and substantial parties to the controversy"). After properly alleging their own citizenship, plaintiffs should also identify the state in which defendants Love's and Hardee's are incorporated to ensure complete diversity between the parties.

In light of the nature of plaintiffs' alleged injuries from a slip and fall, the court also questions the complaint's bold allegation that the "amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332." (Compl., dkt. #1, ¶5.) While a slip and fall resulting in injuries to Humphrey's head, neck and back may have been so severe as to meet the $75,000 threshold, more often than not it falls short. Absent more detail (for example, the severity of Humphrey's injuries, both now and in the future, the amount of actual hospital bills paid, right to putative damages or fees), and on the basis of a conclusory allegation alone, however, the court is not satisfied that the amount in controversy can be met.

Accordingly, plaintiffs will be required to supply further specific allegations or proof supporting their claims that (1) complete diversity of citizenship exists between the parties; and (2) damages exceeding $75,000 are at least within the realm of possibility.

ORDER

IT IS ORDERED that:

1) plaintiff shall have until May 28, 2013, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 13th day of May, 2013.

                        BY THE COURT:

                        /s/

                        _____
                        WILLIAM M. CONLEY
                        District Judge