IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FRANK A. HUMPHREY

                      Plaintiff,                      OPINION AND ORDER

    v.

                                                      13-cv-235-wmc

LOVE'S TRAVEL STOPS & COUNTRY
STORES, INC., and HARDEE'S FOOD
SYSTEMS, INC.,

                      Defendants.

---

On May 13, 2013, the court ordered plaintiff Frank Humphrey to show cause why his state law negligence-based complaint should not be dismissed for lack of diversity jurisdiction under 42 U.S.C. § 1332. As the court explained, Humphrey's initial complaint failed to allege facts showing complete diversity between the parties and failed to show a plausible basis to conclude that the amount in controversy exceeded the statutory threshold of $75,000. In response, Humphrey has returned with an amended complaint and supporting documents, purporting to have fixed the problems pointed out by the court. He has succeeded from a substantive legal standpoint, so the complaint will be allowed to proceed. However, for the reasons described below the court will require Humphrey to file a second amended complaint that complies with Federal Rule of Civil Procedure 10.

    A.    **Diversity of Citizenship**

In its initial order, the court instructed Humphrey to (1) allege his own domicile; (2) allege the state of incorporation and principle place of business of co-plaintiff Dean

1

Health Plan, Inc.; and (3) allege the state of incorporation of defendants Love's Travel Stops and Country Stores, Inc. and Hardee's Food Systems, Inc.

Contrary to the court's instructions, the amended complaint fails to allege that plaintiff Frank Humphrey is *domiciled* in Wisconsin, but does provide enough facts for the court to reasonably infer that he is domiciled in this state. (*See* Am. Compl., dkt. #11, ¶5.) Also, contrary to the court's instructions, the amended complaint does not allege the principle place of business of Dean Health Plan, Inc., but a reasonable inference can be drawn from allegations that the Plan is headquartered in Madison, Wisconsin. (*Id.* at ¶2.) Finally, contrary to the court's instructions, the amended complaint fails to indicate the state of incorporation for defendants Love's and Hardee's, alleging only that these are "foreign" (i.e., not Wisconsin) corporations. (*Id.* at ¶¶3-4.)

For the time being, the allegations meet the bare minimum needed to allege diversity of citizenship. However, Mr. Humphrey should be aware that as the case progresses he will be called upon to *prove* the citizenship of each of the parties, meaning he will need to supply the court with documentary evidence establishing all elements of jurisdictional citizenship according to the requirements of federal law. This includes, for example, proof as to where he actually claims legal domicile and of the exact state of incorporation for Love's and Hardee's.

More generally, the court is concerned about plaintiff Humphrey's failure to diligently follow the court's instructions. While the court will make allowances for *pro se* plaintiffs, it will not continue to tolerate the proliferation of time-consuming, basic legal errors. Still less will the court continue to tolerate failure to comply with *specific*

instructions set out in court orders. Mr. Humphrey would be well-advised to seek the assistance of experienced legal counsel, perhaps on a contingency fee basis. Failing that, he needs to pay closer attention to the requirements of this court or face dismissal of his suit.

### B. Amount in Controversy

In its initial order, the court also instructed Mr. Humphrey to provide more detail about the severity of his injuries, the amount of hospital bills paid, and any potential right to punitive damages or attorneys' fees, all in order to plausibly establish that the amount in controversy here exceeds $75,000. Rather than include further, specific allegations in his amended complaint, Mr. Humphrey addressed the court's concerns in a separate letter (*see* dkt. #11-4), emphasizing (1) the severity of his injuries, (2) listing his medical expenses covered by Dean Health Plan, Inc. at $11,544.06 and his total medical expenses at "3-4 times" that amount (anticipating future medical expenses), (3) describing interruption to his daily life that would qualify for pain and suffering damages, and (4) claiming significant future lost earnings. All together, the potential damages would exceed the $75,000 threshold.

With the amount in controversy requirement satisfied, the only real problem with Mr. Humphrey's letter is that it does not take the proper form of a pleading. *See generally* Fed. R. Civ. P. 10. The court will take responsibility for this deficiency, having instructed Mr. Humphrey that he could provide "allegations *or proof*" of damages. In fact, only proper allegations will do. Therefore, Mr. Humphrey will be given 30 days to file a

second amended complaint setting forth his place of "domicile" and the contents of his letter into the complaint in the form of numbered allegations.

ORDER

IT IS ORDERED that plaintiff Frank Humphrey shall have until July 26, 2013, to file and serve a second amended complaint consistent with the court's instructions above.

Entered this 26th day of June, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge