IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FRANK A. HUMPHREY,

                Plaintiff,                OPINION & ORDER

    v.

                                                13-cv-235-wmc

LOVE'S TRAVEL STOPS & COUNTRY
STORES, INC. and HARDEE'S FOOD
SYSTEMS, INC.,

                Defendants.

---

On April 16, 2011, plaintiff Frank Humphrey entered a Hardee's restaurant inside Love's Travel Stop in Illinois, slipped on the recently-mopped floor and fell, sustaining head, neck and back injuries. In this civil action, he seeks to hold Love's Travel Stops and Country Stores, Inc. ("Love's") and Hardee's Food Systems, Inc. ("Hardee's") liable for alleged negligence in failing to warn customers of the slippery floor.[1] Before the court is defendants' motion for summary judgment. (Dkt. #36.) Because the court concludes a reasonable jury could find that defendants were negligent and a genuine dispute of fact exists as to the proper apportionment of negligence, the motion for summary judgment will be denied.

---

[1] As pled in the first amended complaint, which named Hardee's as a corporation, this court appeared to have subject matter jurisdiction pursuant to 28 U.S.C.§ 1332(a). Plaintiff's second amended complaint, however, now alleges that defendant Hardee's is a limited liability company. (See 2d Am. Compl. (dkt. #20) ¶ 3.) Moreover, defendants admit this allegation (see Answer (dkt. #22) ¶ 3), but continue to refer to Hardee's as "Hardee's Food Systems, Inc." (See, e.g., dkt. #30.) Given this anomaly, the parties will have until Friday, May 2, to advise the court as to whether Hardee's is a corporation or a limited liability company. If the latter, plaintiff must provide sufficient information to establish complete diversity of citizenship or face dismissal of this lawsuit. See, e.g., Wise v. Wachovia Sec., LLC, 450 F.3d 265, 267 (7th Cir. 2006).

UNDISPUTED FACTS[2]

Plaintiff Frank A. Humphrey is an adult resident of the state of Wisconsin. Defendant Love's owns and operates a gas station and convenience store located at 13477 Quality Drive in Roscoe, Illinois. Within the Love's Travel Stop at that location, defendant Hardee's has a franchise restaurant, separated from the convenience store by an open-air entryway.

Love's Travel Stop has security cameras located throughout the building, including cameras in the convenience store and in the Hardee's. One camera, Camera 4, is placed so as to record movement in the entryway; another camera, Camera 13, points at the Hardee's menu board and records movement and activity in front of that board and in the Hardee's seating area.

On April 16, 2011, footage from Camera 4 shows a Hardee's employee placed a yellow Wet Floor cone on the floor at about 3:46 P.M., such that a person entering through that doorway would pass by with the cone on his right-hand side. The only "feature" to the right of the entryway was a row of additional seating. This placement was consistent with the understanding of the shift leader on duty for Love's, Shelly Nelson, who believed that Love's policy required employees to place cones to the side of the entryway, rather than directly in front of customers as they entered.

After placing the cone, the employee began to mop the floor near the cone, as confirmed by footage from Camera 13, which is time-stamped at about 3:45 P.M. One minute later, according to Camera 13, the Hardee's employee places another yellow Wet

---

[2] Viewing the facts and drawing all inferences in a light most favorable to plaintiff as the non-moving party, the court finds the following facts material and undisputed, unless otherwise noted.

2

Floor cone across the restaurant near the beverage dispenser and a third yellow Wet Floor cone by the exterior entrance into the Hardee's restaurant.

At about 3:48 P.M., according to Camera 4 footage, a man in a black suit and white shirt, identified as Humphrey, walks through the entryway. Humphrey was the first to use that entryway after the mopping. As he walked through, he was looking straight ahead before turning his attention to the Hardee's menu board. The parties agree that Humphrey did not see the yellow Wet Floor cone by the entryway, though they dispute how closely he passed by that cone.[3] The parties also agree that Humphrey did not see the second Wet Floor cone near the beverage dispenser, nor did he notice any obvious puddles of water.

As Humphrey entered the Hardee's, he walked a few steps further, slipped on the recently mopped floor and fell to the ground. (*See* Funk Aff. Ex. (dkt. #41).) As a result of the fall, Humphrey suffered from head pain. He also became dizzy and was not immediately able to rise.

No litter or obstructions on the floor caused Humphrey's injury. Although the parties purport to dispute whether there were problems with lighting, the floor tiles or the cleaning agents used (if any) that played into the fall, Humphrey has also provided no evidence suggesting that any of those things was a factor in his fall.

## OPINION

Summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court views

---

[3] Based on the video footage of the incident, it appears that he passed within a few feet of the cone. (*See* Funk Aff. Ex. (dkt. #41).)

all facts and draws all inferences in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude summary judgment." *Id.* at 248.

The party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). For an issue on which the nonmoving party will bear the burden of proof at trial, the nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the nonmoving party must produce "evidence . . . such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If he fails to do so, "[t]he moving party is 'entitled to a judgment as a matter of law.'" *Id.* at 323.

Because the court is hearing this case pursuant to its diversity jurisdiction under 28 U.S.C. § 1332, it applies the substantive law of Wisconsin. *See Westlund v. Werner Co.*, 971 F. Supp. 1277, 1280 (W.D. Wis. 1997) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). To prevail on a negligence claim under Wisconsin law, Humphrey must prove: "(1) the existence of a duty of care on the part of the defendant, (2) a breach of that duty of care, (3) a causal connection between the defendant's breach of the duty of care and the plaintiff's injury, and (4) actual loss or damage resulting from the [breach]." *Hoida, Inc. v. M & I Midstate Bank*, 2006 WI 69, ¶ 23, 291 Wis. 2d 283, 717 N.W.2d 17 (alteration in original). Defendants challenge the second and third elements in their motion.

At the outset, the court notes the Seventh Circuit's admonition that "summary judgment is rarely appropriate in negligence cases due to the multitude of factual issues which need to be resolved by the jury." *Jakubiec v. Cities Serv. Co.*, 844 F.2d 470, 473 (7th Cir. 1988). The Supreme Court of Wisconsin has likewise recognized that:

> Summary judgment is uncommon in negligence actions, because the court must be able to say that no properly instructed, reasonable jury could find, based on the facts presented, that [the defendants] failed to exercise ordinary care. The concept of negligence is peculiarly elusive, and requires the trier of fact to pass upon the reasonableness of the conduct in light of all the circumstances, even where historical facts are concededly undisputed. Ordinarily, this is not a decision for the court.

*Alvarado v. Sersch*, 2003 WI 55, ¶ 29, 262 Wis. 2d 74, 662 N.W.2d 350 (alteration in original) (internal citations and quotation marks omitted).

With this in mind, the court turns to defendants' arguments. Defendants agree that they had a duty of care to protect their customers by warning them of the wet floor, but contend that Humphrey has produced no evidence that they *breached* that duty. In support, defendants principally point to the undisputed fact that they placed yellow Wet Floor cones near the area of the floor that was being mopped: one to the right of the entryway, and one across the restaurant by the soda machine. By placing these cones, defendants argue their duty to warn customers of the possible hazard has been satisfied as a matter of law. Unsurprisingly, plaintiff argues in response that these cones do not constitute adequate warning, since they were placed off to the side of and across the restaurant from the entryway, respectively, rather than in a place where a reasonable customer would notice them as he walked inside. At the very least, Humphrey argues, the adequacy of this warning is for the jury to decide.

While a close question, the court concludes that a fact issue remains as to whether defendants failed to exercise ordinary care in their placement of the wet floor cones when viewing all facts and drawing all reasonable inferences in a light most favorable to Humphrey. In particular, a reasonable jury could find that the cone to the right side of the entryway and the cone across the restaurant near the beverage dispenser were not sufficient to warn customers that the floor *where Humphrey slipped* was wet and hazardous. Likewise, a reasonable jury could conclude that the cone to the right of the entryway was not placed in a spot where a reasonable customer would see it, because it was located *away* from the illuminated menu board, in an area of the restaurant that would not draw the eye of persons coming through the entryway.

Based on the video evidence, it is entirely possible, given how closely Humphrey appears to pass by the entryway cone, that a reasonable jury will find that defendants *did* fulfill their duty of care by placing three Wet Floor cones throughout the restaurant. Nevertheless, given that the cones were placed at least some feet away from the place where Humphrey actually slipped (Funk Aff. Ex. (dkt. #41)) and (arguably) outside of a customer's ordinary field of vision, the court is unable "to say that no properly instructed, reasonable jury could find, based on the facts presented, that [defendants] failed to exercise ordinary care." *Lambrecht v. Estate of Kaczmarczyk*, 2001 WI 25, ¶ 2, 241 Wis. 2d 804, 623 N.W.2d 751.

Next, defendants argue that Humphrey has failed to show a genuine dispute of fact as to causation. "The test of cause . . . is whether the defendant's negligence was a substantial factor in contributing to the result." *Merco Distrib. Corp. v. Commercial Police Alarm Co.*, 84 Wis. 2d 455, 459, 267 N.W.2d 652 (1978). First, defendants argue that

6

because Humphrey cannot show evidence of negligence, he cannot show that negligence caused his injury, citing *Merriman v. Cash-Way, Inc.*, 35 Wis. 2d 112, 150 N.W.2d 472 (1967). In *Merriman*, the plaintiff claimed to have slipped and fallen on a patch of ice due to a defectively constructed downspout, which allowed water emerging from it to run under a protective fence and onto the parking lot. The court found, however, Merriman presented no evidence either that: (1) the downspout directed water toward the parking lot; or (2) any snow or ice had actually melted, such that water would have emerged from the downspout. *Id.* In contrast, here, it appears undisputed that Humphrey slipped on water left from defendants' mopping. Certainly, it would not be "speculation" for a jury to conclude that this water, coupled with allegedly inadequate signage, was a "substantial factor" in Humphrey's slip.[4]

Finally, even if their negligence could be found to have caused Humphrey's injury, defendants argue that they are entitled to summary judgment because Humphrey was *more* negligent as a matter of law. In Wisconsin, "[c]ontributory negligence does not bar recovery . . . if that negligence was not greater than the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of negligence attributed to the person recovering." Wis. Stat. § 895.045(1). As

---

[4] In their reply brief, defendants also argue Humphrey failed to establish that he would have altered his behavior and avoided injury if properly warned, citing *Schreiner v. Wieser Concrete Prods.*, 2006 WI App 138, 294 Wis. 2d 832, 720 N.W.2d 525. Unlike this case, *Schreiner* involved a *products liability* duty-to-warn claim, as did the other case defendants cite, *Kurer v. Parke, Davis & Co.*, 2004 WI App 74, 272 Wis. 2d 390, 679 N.W.2d 867. In a simple negligence case, like this one, the core question of causation is whether defendants' alleged negligence was a substantial factor in contributing to the accident. Even absent explicit testimony from Humphrey that he "would have altered his behavior" if additional signs had been present, a reasonable jury could find that the wet floor and allegedly inadequate signage was a substantial factor in the slip and fall.

with *determining* negligence, *apportioning* negligence is generally a question for the jury. *Kloes v. Eau Claire Cavalier Baseball Ass'n*, 170 Wis. 2d 77, 88, 487 N.W.2d 77 (Ct. App. 1992); *see also Phelps v. Physicians Ins. Co. of Wis., Inc.*, 2005 WI 85, ¶ 45, 282 Wis. 2d 69, 698 N.W.2d 643 ("The apportionment of comparative negligence is a matter left to the trier of fact."). "Summary judgment is a poor device for deciding questions of comparative negligence," *Cirillo v. City of Milwaukee*, 34 Wis. 2d 705, 716, 150 N.W.2d 460, except in "the rare case where it is clear and uncontroverted that one party is substantially more negligent than the other and that no reasonable jury could reach a conclusion to the contrary." *Huss v. Yale Materials Handling Corp.*, 196 Wis. 2d 515, 535, 538 N.W.2d 630 (Ct. App. 1995).

Again, the court is not convinced that this is that "rare case." A reasonable jury could conclude that Humphrey's negligence in failing to spot the wet floor cones was not so great as defendants' negligence in their placement. Of course, a reasonable jury could *also* conclude that Humphrey's negligence was greater given that he passed within a few feet of a cone, but this is precisely the kind of question that case law says is better suited for a jury to decide as a matter of fact, than for the court as a matter of law. While defendants cite two cases in which courts applying Wisconsin law granted summary judgment for defendants based on the plaintiff's contributory negligence, the plaintiff's conduct in those cases (gross mishandling of a corrosive liquid and jumping in a flooded river to escape being caught shoplifting) are far more extreme than those in the present case.[5] Indeed, that these are the

---

[5] *Kolesar v. United Agri Products, Inc.*, 412 F. Supp. 2d 686 (W.D. Mich. 2006), involved a plaintiff picking up a load of metam sodium, an Acute Toxicity Category III substance. Kolesar knew that personal protective equipment was required because the liquid was corrosive, but was dressed in street clothes and was allegedly told it was "no big deal." As he began pumping the liquid into a tank, the metam sodium began leaking. When Kolesar tightened the hose fitting, he spilled chemical

8

only cases defendants cite serves to demonstrate how extreme the disparity in conduct must be for a court to apportion negligence as a matter of law. Accordingly, the court will leave that question for the jury to decide as well.

ORDER

IT IS ORDERED that:

(1) defendants' motion for summary judgment (dkt. #36) is DENIED;

(2) the parties are to advise the court by Friday, May 2, 2014, whether defendant Hardee's Food Systems, Inc. is a corporation or an LLC; and

(3) if the latter, plaintiff is to provide sufficient facts to establish the actual citizenship of each member of the LLC and confirm diversity jurisdiction no later than Wednesday, May 7, 2014.

Entered this 30th day of April, 2014.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge

---

on his boots and gloves. He then yelled to defendant's employee Cullen that he was done pumping. Unfortunately, Cullen was talking to another driver. Kolesar nevertheless assumed Cullen had turned off the valve and proceeded to remove the hose fitting. As a result, Kolesar was drenched in metam sodium. Finally, Kolesar initially refused to wash off and did not seek medical treatment until he began experiencing symptoms. As a result, the *Kolesar* court held that: "the moving and greatest cause for the spill and the greatest part of the fault is upon Plaintiff's shoulders. He decided, without checking with Cullen, to disconnect his hose. He decided to forgo immediate cleaning. He decided to engage in the delivery without appropriate PPE. And he decided to forgo medical care until he experienced symptoms of illness." *Id.* at 699. Similarly, *Peters v. Menard, Inc.*, 224 Wis. 2d 174, 589 N.W.2d 395 (1999), involved a plaintiff who, after stealing a drill, voluntarily entered a rapidly-moving, flooded river to evade security guards, even after they had stopped chasing him, and drowned despite the guards' attempts to rescue him. The Wisconsin Supreme Court held that Peters had failed to exercise ordinary care for his safety, and that the guards could not have foreseen that he would "go to such dangerous lengths to escape from them, especially after they quit pursuing him." *Id.* at 197.