IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

FRANK A. HUMPHREY, and
DEAN HEALTH PLAN, INC.,

              Plaintiffs,                      ORDER

v.

                                                13-cv-235-wmc

FRANCIE CO., L.P.

              Defendant.

The court is in receipt of a "Stipulation to Substitute Parties and Amend Caption" (dkt. #62), in which the parties purport to resolve a jurisdictional defect in the pleading by substituting the current defendants with a new defendant. Unfortunately, in doing so, the parties have also substituted one pleading defect with a new one.

Specifically, the parties' stipulation explains that neither of the current defendants are proper parties and then states with respect to the substitute defendant, Francie Co., L.P., as follows:

> WHEREAS, the partners of Francie Co., L.P. are Oklahoma citizens;
>
> WHEREAS, the parties agree that diversity jurisdiction exists between Francie Co., L.P. a limited partnership organized under the laws of the State of Oklahoma, with a principal place of business in Oklahoma, and Frank Humphrey, a citizen of the State of Wisconsin;

The cover letter provided with the stipulation by defendant's counsel further represents that:

> The partners who make up Francie Co., L.P. are TJL Management Co., Inc., an Oklahoma corporation with a principal place of business in Oklahoma, and multiple trusts with a *situs* in Oklahoma.

1

Like other unincorporated entities, where a limited partnership is organized or principally conducts business has no bearing on its citizenship for purposes of diversity jurisdiction. *See White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.,* 647 F.3d 684, (7th Cir. 2011) ("Limited partnerships, limited liability companies, and similar organizations also are disregarded for jurisdictional purposes. For an LP, LLC, or similar organization, the citizenship of every investor counts.") (citing *Carden v. Arkoma Assocs.,* 494 U.S. 185 (1990)). Accordingly, Francie, Co., L.P., is assigned the citizenship of its partners.

As to one of those partners, TJL Management Co., Inc., the cover letter provides enough information to establish that it is a citizen of Oklahoma, although this should have been included in the parties' stipulation or other pleading so that the corporation's citizenship is a matter of record. As to the other partners, the representation in counsel's letter that there are "multiple trusts with a *situs* in Oklahoma," is equally meaningless for jurisdictional purposes. "The citizenship of a trust is that of the trustee." *See Hicklin Engineering, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) (citing *Navarro Savings Ass'n v. Lee*, 446 U.S. 458 (1980)). This defect *must* be addressed in a further stipulation or other pleading, which identifies by name each trust that is a partner in Francie Co., L.P., the respective trustee of each trust, and the citizenship of each trustee, as well as the citizenship of any other partner.

In doing so, the parties should keep in mind something they have repeatedly refused to do to date: if the member or members of the LLCs or LPs are themselves a limited liability company, partnership, or other similar entity, then the citizenship of those members and partners must also be alleged. *See Meyerson v. Harrah's E. Chi. Casino*,

2

299 F.3d 616, 617 (7th Cir. 2002) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.").

Finally, the number of cases with basic defects in pleading citizenship for purposes of diversity jurisdiction that this court has had to identify *sua sponte* seems to continue unabated, particularly when one of the parties is an unincorporated legal entity. To have respected local firms commit these errors *repeatedly* in the *same* case is frankly disheartening, especially after defects had been pointed out multiple times by previous orders of this court.

Identifying these defects is *not* just this court's job; it is part of counsel's obligation under Rule 11 in filing pleadings. Moreover, the court would think the very real risk of dismissal on appeal after entry of judgment on the merits would be enough incentive for parties *and their counsel* to get the jurisdictional facts right the first time. *See, e.g. Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691 (7th Cir. 2003) (vacating judgment, remanding the case to the district court for dismissal, and instructing counsel to prosecute action to conclusion in state court without charging their clients additional fees where plaintiff failed to plead the citizenship of the LLC defendant). While monetary sanctions are justified at this stage, the court will instead require that this order and its earlier jurisdictional orders in this case (dkt. #5, #19 and the first and last page of #52), as well as the parties' intervening stipulation (dkt. #62) and cover letter, be read by all attorneys in both parties' firms who appear in the Western District of Wisconsin and that their respective managing partners notify the clerk of court in writing when this has been accomplished.

ORDER

IT IS ORDERED that:

1) by this Friday, May 9, 2014, the parties are to provide in the form of a stipulation or other formal pleading evidence of the citizenship of each partner of Francie Co., L.P.; and

2) by June 5, 2014, the attorney in charge of Krekeler Strother, S.C. and Axley Brynelson, LLP, respectively shall certify in writing to the Clerk of Court that all attorneys in their firm who appear in the Western District of Wisconsin have read this order and the court's earlier jurisdictional orders in this case (dkt. #5, #19 and the first and last page of #52), as well as the parties' intervening stipulation (dkt. #62) and cover letter (dkt. #63-1).

Entered this 6th day of May, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge