IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
———————————————————————————————————————

FRANK A. HUMPHREY,

                       Plaintiff,                                  ORDER

   v.

                                                                     13-cv-235-wmc

FRANCIE CO., L.P.,

                       Defendant.
———————————————————————————————————————

      The court has received and reviewed the parties' various motions in limine, as well as defendant Francie Co., L.P.'s motion for sanctions pursuant to Federal Rule of Civil Procedure 37. With respect to those pending motions, the court rules as follows:

**I. Motions in Limine**

   **A. Plaintiff's Motions in Limine**

      Plaintiff Frank A. Humphrey has filed a single document containing two motions in limine. (Dkt. #54.) First, Humphrey asks the court to prohibit all references to insurance of any kind, including payments or insurance coverage for Humphrey's medical expenses. As grounds, Humphrey asserts that the collateral source rule prohibits such references and that they are likely to confuse the jury. Francie Co. does not oppose this motion, and so it is GRANTED.

      Second, Humphrey asks the court to prohibit the defense from alluding to or soliciting testimony about damage demands or requests that he made before trial, on the grounds that they are irrelevant and unduly prejudicial. Again, Francie Co. does not object, and so this motion is GRANTED.

B.  **Defendant's Motions in Limine**

Francie Co. has filed a single document containing four, different motions in limine. (Dkt. #59.)  First, Francie Co. asks the court to preclude Humphrey from offering any speculation as to the cause of his slip that goes beyond the theory of inadequate warnings advanced at summary judgment.  Humphrey has produced no evidence of other forms of negligence that could have caused his fall -- for instance, inadequate lighting, defective floor tiles or unusual chemicals in the mop water -- and does not oppose this motion. Accordingly, it, too, is GRANTED.

Second, Francie Co. asks the court to preclude Humphrey from offering a lay opinion as to where the wet floor cone "should have been placed."  It contends that the placement of a wet floor cone in a restaurant "implicates a number of areas of specialized knowledge, including safety regulations, customer foot traffic analysis, and restaurant policies."  As a layperson lacking qualifications in those areas of study, Francie Co. contends that Humphrey should not be allowed to opine on the question of the cone's placement.

Humphrey points out in response that lay opinion testimony is admissible where: (1) it will help the jury understand the witness's testimony; (2) it is rationally based on the witness's perception of fact; and (3) it is not based on scientific, technical, or other specialized knowledge within the scope of Federal Rule of Evidence 702.  Fed. R. Evid. 701. He notes that Francie Co. has cited no authority for the notion that the placement of a wet floor cone is "specialized knowledge" under Rule 702.  Furthermore, he argues that Humphrey's testimony will help the jury to understand why Humphrey did not see the cones and why he did not believe the floor directly ahead of him was slippery, leading him not to slow his stride.

2

With one caveat, the court will DENY Francie Co.'s motion. Humphrey's opinion on where the wet floor cone ought to have been placed to provide him and other customers with an adequate warning requires no specialized or technical knowledge, nor would Humphrey be allowed to offer an expert opinion on the subject in any event. He will, therefore, permitted to testify that the cone "should have" been placed elsewhere because he could not see it, as that opinion is both helpful and rationally based on his own perception. Of course, Humphrey will not be allowed to opine as to where wet floor or other safety cones should be placed as a general matter, nor may he testify as to whether Francie Co.'s placement of the cone met or did not meet any industry or other safety standard.

Third, Francie Co. asks the court to preclude evidence that other customers have fallen at the same Hardee's location as irrelevant and, in the alternative, as unfairly prejudicial. Since Humphrey does not oppose this motion, it will also be GRANTED.

Fourth and finally, Francie Co. asks the court to preclude evidence that someone moved a wet floor cone under Federal Rule of Evidence 407, which makes inadmissible for purposes of proving negligence any evidence of "measures . . . taken that would have made an earlier injury or harm less likely to occur." Humphrey responds that remedial measures are admissible to show "the feasibility of precautionary measures." Fed. R. Evid. 407. He argues that evidence the cone was moved shows that the cone could have been placed in a different location, making that testimony admissible.

The court will RESERVE on this motion. To the extent that Francie Co. argues (or leaves open an argument) that there was only one "feasible" place to put the cone (or, at least, that its placement in another spot was not feasible), then it would open the door for this evidence. *See Ross v. Black & Decker, Inc.*, 977 F.2d 1178, 1185 (7th Cir. 1992)

3

("Because B & D made what has evolved into a tactical trial error by not stipulating to feasibility, this ruling [admitting evidence of remedial measure] was proper."). However, if Francie Co. stipulates that placing a cone on the spot where Humphrey slipped was "feasible" (or, at least, it was feasible to place a cone to the spot to which it was moved following Humphrey's fall), Humphrey will not be permitted to introduce evidence of this subsequent "repair." *See* Fed. R. Evid. 407 advisory committee's note (1972 Proposed Rules) ("The requirement that the other purpose be controverted calls for automatic exclusion unless a genuine issue be present and allows the opposing party to lay the groundwork for exclusion by making an admission.").

## II. Motion for Sanctions

Pursuant to Fed. R. Civ. P. 37, Francie Co. also moves for sanctions to preclude all evidence of damages, except those related to past and future pain and suffering. In federal court, a party must provide as part of his initial disclosures "a computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(iii). Humphrey's initial Rule 26 disclosures read as follows:

1. Compensatory Damages: Pain and suffering (past & future): $125,000.

2. Future medical expenses, to the extent not covered by insurance. Amount to be determined.

3. Lost earnings/potential lost earnings: up to $103,000 annually, subject to revision based on expert report/analysis.

Francie Co. now represents, and Humphrey does not dispute, that he never supplemented these disclosures, nor did he make available any evidentiary material underlying the numbers in question, which is also required by Rule 26(a)(1)(iii). Moreover,

4

he neither disclosed any information regarding past medical expenses, past wage loss or out of pocket expenses, nor did he provide any computation of future medical expenses. Finally, he did not retain an expert on lost earnings.

Failure to disclose information required by Rule 26(a) means that "the party is not allowed to use that information . . . on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Humphrey does not even attempt to show that his failure to disclose was substantially justified or harmless. In fact, he does not attempt to address the motion for sanctions at all: his response is silent on the issue. (*See* dkt. #74.) With neither a justification for failing to make these disclosures, nor any grounds to deem this failure harmless, the court agrees that Humphrey is now barred from offering evidence on medical expenses and out-of-pocket expenses by the Federal Rules of Civil Procedure. The question on lost earnings may be closer, since Humphrey at least provided a figure for that category of damages, but absent a showing that Humphrey later made available evidentiary material supporting this figure, evidence related to this category of damages will be excluded as well. Defendant's motion for sanctions will, therefore, be granted accordingly.

ORDER

IT IS ORDERED that:

1) Plaintiff Frank A. Humphrey's motions in limine (dkt. #54) are GRANTED.

2) With respect to defendant Francie Co., L.P.'s motions in limine (dkt. #59) the court:

   a. GRANTS its motions to preclude speculation as to other potential causes for Humphrey's slip and to exclude evidence of other customers' falls at the Hardee's location;

    b. DENIES its motion to preclude Humphrey from testifying as to where the cone should have been placed to warn him of the wet floor, with the caveat noted above; and

    c. RESERVES on the motion to preclude evidence that someone moved the wet floor cone after Humphrey fell.

3) Defendant's motion for sanctions (dkt. #59) is GRANTED as set forth above.

Entered this 26th day of June, 2014.

                      BY THE COURT:

                      /s/
                      _____
                      WILLIAM M. CONLEY
                      District Judge